Moore, J.
Ann Morley recovered a judgment in the Court of Common Pleas of Paulding County, against the railroad company, for personal inj.uries.
Her petition alleges the corporate existence of the defendant company, that on May 15, 1885, it was the owner of and operating a line of railroad from Van Wert,’ Ohio, through Paulding to Cecil, Ohio. The petition then avers :
And thereupon on said day said plaintiff, at the special instance"and request of said defendant, and in consideration of twenty cents paid by said plaintiff to said defendant, became and was received as a passenger on the road of said defendant at their station in the Village of Paulding, Ohio, to be safely carried from said station to Furnace, Ohio, a station on said line of road. The track of defendant’s road between said stations of Paulding, Ohio, and Cecil, Ohio, and where the injury hereafter referred to occurred, was rough, uneven, defective and out of repair, and was unfit for the use of a track over which to carry passengers, which defendant might, and would have, then and theretofore, known by due and proper care and inspection. The car used for the conveyance of said *560 plaintiff was held out and represented by said defendant as fit and safe for the carriage of passengers, and was then and theretofore used by said defendant as a conveyance for the carriage of passengers in their business as common carriers, and said defendant then and thereby undertook to carry said plaintiff safely.
Plaintiff further says that the car so used by the said defendant to carry said plaintiff was defective, unsound and improperly constructed, and unfit to be used for the carriage of passengers, in this, to-wit: That the axels and wheels of said car were so defective and ill-constructed, and so out of repair that said car was not of proper width and guage for said track, which the defendant might, and would have, then and theretofore known by due and proper care and inspection. And the said plaintiff was then received by the said defendant in the car and on the railroad aforesaid; yet the said defendant,, not regarding its duty in that behalf, did, by its servants and agents, so carelessly, negligently and unskillfully conduct the running of said cars and railroad, that on the 15th day of May, 1885, by the carelessness, negligence and default of said defendant’s agents and servants, and for want of due care and attention to its duty in that behalf, and because of said defect and unsoundness in said track and car, so alleged as aforesaid, and the negligence of said defendant and its agents and servants in allowing the same to be used, the said car upon which said plaintiff was riding was thrown from the track, and said plaintiff was thrown off said car in front of the same, and was run over by said car and greatly cut, bruised and wounded in her body, limbs and face; and had her breast-bone broken, her right foot broken just above the toes, her right ankle crushed, and severe flesh wounds, cuts and internal and permanent injuries, from which she suffered great pain, and was confined to her bed and house for six months, and was wholly unable to attend to the transaction and performance of her usual and necessary business, and so continued from thence hitherto; and said plaintiff has been put to great expense, to-wit, to the amount of $500.00 in endeavoring to cure her said fractures, wounds, cuts and bruises; to the damage of said plaintiff in the sum of $10,000.00.
*561 The petition also adds the following averments:
First — The plaintiff was received as a passenger at the station of the said defendant in the Village of Paulding, Ohio.
Second — -The consideration of twenty cents was paid to the conductor of the general passenger train in charge of said car.
Third — The ear on which said plaintiff was conveyed was a h'and-car, and was not attached to a train.
To this petition defendant below filed a general denial, after first admitting the corporate existence of the company, that the car used was a hand-car, and that it was not attached to any train. There was also a second defense, which, for the purposes of this opinion, it is not necessary to mention
A general denial was filed by Mrs. Morley to this answer.
The verdict was in favor of the plaintiff below.
At the close of the plaintiff’s testimony the defendant moved the court to instruct the jury to return a verdict in its favor, and for judgment on the undisputed facts in the case as shown by the plaintiff’s testimony. This motion was overruled, and exceptions noted. Upon the further trial of the cause a verdict was rendered for the plaintiff. The defendant filed a motion to set it aside, which was overruled and judgment rendered upon it.
A bill of exceptions, containing all the evidence, was allpwed. It is now sought to reverse the judgment of the court below, because of its overruling the motions mentioned, and for various other errors occurring at the trial.
The evidence adduced on the part of the plaintiff, as shown by the record, discloses that on the morning of May 15, 1885, Ann Morley, the plaintiff, who lived some four or five miles north of Paulding, came to that place with her daughter on the defendant’s road and in one of its passenger trains, and at about noon went to the depot of the defendant to take the north bound train home. That when she reached the depot she was informed by the agent, that owing to the wrecking of a freight train south of Paulding the passenger train was delayed, and would proceed no farther north that day. The record further discloses that .soon after Mrs. Morley came to the depot, the conductor of the delayed passenger train pro *562 cured a hand-car from the roadmaster, and the section hands, and also two section hands to operate the same. That with the hand-car the conductor proceeded to the delayed train and got the U. S. mail, some baggage, a box of fish, and two passengers from the delayed train, proceeded with this load to the . depot, and then took on board Mrs. Morley and daughter, collected from them the usual fair, and started for Cecil. Mrs. Morley was placed on the front end of the hand car, facing the direction that the car was going, with her feet hanging down over the car.
Somewhere between Paulding and Cecil the car jumped the track, Mrs. Morley was thrown off, run over by the car and severely injured.
The evidence for the plaintiff also discloses that the railroad company ran three passenger trains each way daily on its road; that the plaintiff had frequently traveled on its trains, and was aware that the conductor who took her upon the hand-car was the conductor of the delayed train. The road-master, from whom the hand car was procured, and who testified on the part of the plaintiff, says that, he had nothing whatever to do with the passenger traffic; that hand-cars were used on that road for the use of the section hands only, when at and about their duties of constructing and repairing the track, and that it could be put to no other use, unless on an order from the superintendent of the road. The record does not disclose any order to the conductor to procure the handcar, or to use it for passenger traffic.
Two questions are raised uponjthe facts proven by the plaintiff:
1. Do they tend to prove a liability upon the part of Railroad Company ?
2. Do they prove without contradiction that the plaintiff was guilty of contributory negligence ?
In order to establish the defendant’s liability the plaintiff’s evidence must have tended to prove each essential and material averment of her petition. This must have been done without proving that she was guilty of negligence contributing to her injury.
*563 The conductor of a passenger train stands, within the scope of his authority, in the place of the company. He has charge and control of his train, receives and discharges passengers, and while such they are under his care and supervision. He is invested with authority to control all the movements of the train and he is bound to look out for the safety and reasonable comfort of his passengers. Exigencies may arise in which he may make contracts binding upon the company, because of such being indispensably necessary for the performance of his duties.
Is the case at bar within the rule ? The plaintiff had no contractual relations with the railroad company, before she placed herself upon the hand-car. She was not a passenger of the delayed train.' She made no contract to be carried on the train provided by the company for transporting passengers. If the exigencies of the case would require or authorize the conductor of the delayed train to provide a mode of conveyance for the passengers who were being transported upon the train that was delayed in order that they could reach their place of destination, he was not required nor was he authorized to furnish such different method of conveyance, and contract to carry other and different passengers.
The conductor of the passenger train was never put nor intended to be put in the control and management of the handcar, to receive, transport, and discharge passengers. Any other view of the facts presented would be to give the conductor of a passenger train unlimited authority in the management and control of the passenger service' of the railroad company.
It would be alike detrimental to the public and the company. A railroad company is required to and does provide suitable and safely constructed cars, for carrying passengers. Such cars are frequently and carefully inspected. The company is held to a strict accountability and made liable for negligence causing injury to passengers.
A hand-car is for the use of the employes of the company in repairing the road. It is not provided with a view to the convenience or safety of passengers, nor intended to be used in *564 transporting them. It forms no part of the passenger service of a railroad.
The plaintiff had frequently been a passenger on the defendant’s road. She had knowledge of the means it bad provided for transportating passengers. She was' not one of the delayed passengers who had contracted to be carried to his place of destination, and while the conductor might provide a means for such passengers to continue their journey, he had no authority or right to contract to carry passengers from one station to another upon the hand-car without some express authority so to do.
Our attention has been called to authorities holding that where the conductor of a freight train, in violation of the instructions of the company, receives a passenger upon it, and by reason of the negligence of the company he is injured, he can recover. In such case the conductor is put in charge of the train. It is under his management, supervision and control. Attached to such train is a car used for the convenience of the employes, but in which passengers can ride with comparative safety and comfort. It is not unusual for some roads at least to carry passengers on such trains. The act of the conductor in the management of such train may well be held to be the act of the company for which it would be liable if injury resulted. Very different is the case at bar for the reasons I have stated.
We are also of opinion that the evidence proves that the plaintiff was guilty of negligence contributing to her injury. She knew the track was rough. That with the mail-sacks, baggage, hands of the company, and delayed passengers, there was but little room on the car. The car was open, without guards, railing, or any means whatever provided for the safety of those who rode upon it. She seated herself upon the floor or bottom of the car with her feet hanging over the front end, a dangerous position to be placed in. We are of opinion that this constituted such contributory negligence on the part of the plaintiff as to defeat a recovery.
The motion to direct a verdict and enter judgment for the defendant below should have been sustained. Judgment *565 reversed, and judgment for the defendant upon the motion.
O. A. Beiders, for plaintiff in error.
A. B. McMillen, for defendant in error.